PER CURIAM
*586 Appellant seeks reversal of a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days and an order prohibiting him from purchasing or possessing firearms. See ORS 426.130. In his first assignment of error, appellant contends that the trial court plainly erred when it failed to advise him of the possible results of the commitment hearing as required by ORS 426.100(1). Specifically, he asserts that the trial court plainly erred when it failed to advise him of the possibility of voluntary treatment or conditional release. In response, the state concedes that, under State v. M. M. , 288 Or. App. 111, 405 P.3d 192 (2017), and State v. M. S. R. , 288 Or. App. 156, 403 P.3d 809 (2017), the trial court's failure to advise appellant of all of the possible results of the proceeding as required by ORS 426.100(1) is plain error and requires reversal. We agree, accept the state's concession, and, for the reasons set forth in M. M. and M. S. R. , exercise our discretion to correct the error. Our disposition of appellant's first assignment of error obviates the need to address his second assignment of error.
Reversed.